# In the United States Court of Federal Claims

No. 13-307C
(Filed: July 29, 2021)

* * * * * * * * * * * * * * * * * *

LARRY GOLDEN,

*Plaintiff*,

v.

THE UNITED STATES,

*Defendant*.

28 U.S.C. § 1498(a)
(Jurisdiction Over Patent
Claims); *Pro Se*; Motion
to Strike; Patent
infringement contentions.

* * * * * * * * * * * * * * * * * * * *

*Larry Golden*, Greenville, SC, *pro se*.

*Grant D. Johnson*, Civil Division, U.S. Department of Justice, Washington, D.C., with whom were *Brian M. Boynton*, Acting Assistant Attorney General, and *Gary L. Hausken*, Director, Commercial Litigation Branch, Civil Division, for Defendant.

OPINION

Pending in this patent proceeding are four procedural motions: defendant's May 17, 2021 motion to strike plaintiff's infringement contentions (ECF No. 227); plaintiff's June 1, 2021 response and cross motion to strike the government's motion to strike and for summary judgment of infringement (ECF No. 231); defendant's June 24, 2021 motion to strike "impertinent and scandalous matter from plaintiff's reply" (ECF No. 234); and plaintiff's July 1, 2021 cross motion to strike the government's motion (ECF No. 236). The motions are fully briefed. Oral argument is deemed unnecessary. For reasons set out below, we grant defendant's motion to strike plaintiff's infringement contentions and deny plaintiff's cross motion to strike and for summary judgment. The latter two motions (ECF No. 234 and 236) would be fruitless to pursue in view of our rulings on the first two motions and are thus denied as moot.

BACKGROUND

On May 1, 2013, Mr. Golden ("plaintiff") filed a complaint pursuant to 28 U.S.C. § 1498(a), alleging that the government was infringing a single patent, U.S. Reissue Patent No. RE43,990, ("990"). Plaintiff's allegation of infringement was based on three solicitations published by the U.S. Department of Homeland Security ("DHS") seeking to create technology for sensing biological and chemical substances as part of DHS' Cell-All project. Over the course of the subsequent eight years of litigation before this court, plaintiff has amended his complaint six times.

I.  Procedural History

On August 15, 2013, plaintiff filed a "Notice [to] Supplement" in support of his initial complaint, which the court treated as an amended complaint. ECF No. 6. This first amended complaint alleged that three DHS solicitations all infringed the '990 patent.

On October 21, 2013, the court granted defendant's motion for a more definite statement. Plaintiff's more definite statement became his second amended complaint. It continued to assert infringement of the '990 patent by DHS and NASA and a host of third-party electronics manufacturers, such as LG, Apple, and Qualcomm, all of which he alleged had "cooperative agreements" with DHS. Second Am. Compl. ¶ 30.

On February 7, 2014, the court granted plaintiff's December 30, 2013 motion to amend and supplement pleadings and deemed the motion to be a third amended complaint. In it, Golden alleged infringement of the same '990 patent and elaborated his allegation that DHS infringed "the claims of Golden's [US RE43,990] patent" under 35 U.S.C. § 271(b) (2000), through solicitation number "BAA07-10," entitled "CELL-ALL Ubiquitous Biological and Chemical Sensing," which was released on October 2007. Third Am. Compl. ¶¶ 28 (ECF No. 29).

On December 23, 2015, the court issued an order granting plaintiff leave to file a fourth amended complaint, which plaintiff did on February 12, 2016. The fourth complaint expanded the suit beyond the '990 patent, alleging that the government infringed patent no.'s '033, '280, '189, '497, '752, '761, and '891, two of which ('891 and '990) are reissue patents. In addition, he alleged that the government violated the Fifth Amendment by

taking for public use these same patents, as well as Published Patent Application No. 2016-0027273 A1 under 28 U.S.C. § 1491.

On May 24, 2017, the previously assigned judge convened a telephonic status conference, during which plaintiff was directed "to file a [Fifth A]mended [C]omplaint that include[d] all of [Plaintiffs] concerns, all of [Plaintiffs] charges against the Government in one document. . . . No more supplements, no more anything else. Whatever is in that document will be what we're going to continue the case on."  Status Conf. Tr. at 14 (ECF No. 118).  The follow-on May 25, 2017 order stated that "Plaintiff may amend his complaint and claim chart one final time, prior to the court's ruling on jurisdiction.  Plaintiff is ordered not to file any other motions or papers without leave of the court."  ECF No. 116 at 2.

On August 10, 2017, plaintiff filed a fifth amended complaint (ECF No. 120).  In it, plaintiff alleged seventy-two patent infringement counts involving ten patents, along with takings claims paralleling each patent infringement claim.  *Golden*, No. 13-307C, ECF No. 120.

Defendant moved to dismiss that complaint in part, and the court granted that motion, dismissing for lack of jurisdiction allegations concerning National Science Foundation Grants, Cooperative Agreements, and National Institutes of Health grants because no use by the government of plaintiff's inventions was alleged.  *Golden v. United States*, 137 Fed. Cl. 155, 173 (2018).  The court also dismissed plaintiff's allegations concerning the government's alleged use of "Smartphones and Other Consumer Devices" made by LG, Apple, and Samsung under RCFC 12(b)(1) and 12(b)(6).  We held that plaintiff had failed to allege the government's intent to allow or approve use of plaintiff's inventions through these products and otherwise had failed to provide sufficient detail to infer authorization or intent.  Claims for infringement of the '033 patent were dismissed for lack of jurisdiction because that patent had been surrendered and reissued as the '990 patent.  In addition, the court dismissed, under Rule 12(b)(1), infringement allegations concerning the '839 patent application and any activity prior to the issuance of the '439 patent.  Lastly, the court dismissed plaintiff's infringement allegations concerning patents '761, '280, and '189 pursuant to RCFC 12(b)(6) because plaintiff failed to allege any specific instance of infringement. In September 2018, the case was transferred to the undersigned. *Id.*

On May 8, 2019, we granted the government's motion to dismiss the

taking claims.  ECF No. 171.  The court also catalogued the remaining patent infringement allegations and dismissed counts that relied solely on dependent patent claims.

After we granted leave to file a sixth amended complaint, the government moved to dismiss.  On February 26, 2021, we granted the motion in part.  Infringement allegations related to plaintiff's unissued pending patent applications, 16/350,683 and 16/350,847, were dismissed.  The remaining claims survived the motion to dismiss, although we warned plaintiff that there would be no more amendments.[1]  We directed the parties to file a status report proposing a schedule for further proceedings.  On March 29, 2021, we issued a scheduling order directing the parties to proceed with claim construction.[2]

## II.  Plaintiff's Preliminary Infringement Contentions

On April 20, 2021, plaintiff filed his preliminary infringement contentions.   Mr. Golden asserts that the government, through the U.S. Department of Homeland Security ("DHS"), infringes twenty-five independent claims of patents '497, '752, '189, '439, and '287 through the following: 1) ten Apple Inc. products; 2) nine Samsung products; and 3) nine LG Electronics products.[3]   *Id*.   In addition to general allegations of infringement, plaintiff's contentions contain charts—one for each manufacturer—which, purport to identify how the accused products infringe the claim limitations.[4]

---

[1] "Plaintiff may file no further amended complaints."  ECF No. 215 at 7 (Order on defendant's motion to dismiss) .

[2] Plaintiff was directed to file his preliminary infringement contentions by May 7, 2021.  Defendant was directed to file its preliminary invalidity contentions by July 2, 2021.  On June 29, 2021, we deferred the government's obligation to file its invalidity contentions until resolution of the government's motion to strike plaintiff's infringement contentions.

[3] It is apparent that Mr. Golden is alleging that the government caused the manufacture of the accused devices by third party electronics manufacturers, such as LG, Apple, and Samsung, or caused these devices to use his technology because of the DHS' Cell-All project.

[4] At this point, the remaining patents are: U.S. Patents: 7,385,497 ('497);

Defendant responded on May 17, 2021, by moving to strike those contentions. It argues that plaintiff's infringement contentions are deficient and asks the court to strike them in their entirety and to dismiss the case. In its view, Mr. Golden's contentions fail to meet the legal standard for infringement contentions, and because "granting Plaintiff leave to amend would be futile . . . [as] this case has now been pending for over eight years, with Plaintiff repeatedly shifting the patent claims he is asserting and the products he is accusing of infringement."[5] ECF No. 227 at 20. On June 1, 2021, plaintiff responded by filing a cross motion to strike the government's motion and "for summary judgment of infringement" and summary judgment "on claim construction." ECF No. 231 at 21, 28.

## DISCUSSION

Pursuant to the court's Patent Rules, at the outset of the claim construction phase of patent litigation, a party claiming patent infringement must serve preliminary infringement contentions.[6] The purpose of infringement contentions is to "to disclose where each element of each infringed claim is found within the accused device . . . to put a defendant on notice of all contentions regarding how each claim limitation is allegedly met by the accused device." *Iris Corp. Berhad v. United States,* 84 Fed. Cl. 12, 16 (2008) (citing *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1362–63 (Fed.Cir.2006) and *Refac Int'l, Ltd. v. Hitachi, Ltd.,* 921 F.2d

---

8,106,752 ('752); 9,096,189 ('189); 9,589,439 ('439); and 10,163,287 ('287). ECF No. 195 (Plaintiff's Sixth Amended Complaint).

[5] Defendant cites two prior instances of the court striking deficient patent infringement contentions and/or dismissing infringement claims based on a plaintiff's failure to provide proper infringement contentions. *CANVS Corp. v. United States*, 110 Fed. Cl. 19, 33 (2013) (finding dismissal of claims regarding certain devices appropriate based on deficient infringement contentions); *Demodulation, Inc. v. United States*, 126 Fed. Cl. 499, 510 (2016) (granting summary judgment of non-infringement based on deficient infringement contention and denying as moot leave to amend the same).

[6] Appendix J, Patent Rules of the United State Court of Federal Claims ("PRCFC"), supplement the Rules of the United State Court of Federal Claims for civil actions instituted under 28 U.S.C. § 1498(a) respecting patent claims.

1247, 1255 (Fed.Cir.1990)).     Accordingly, deficient infringement contentions fail to provide defendant with notice and thereby prejudice defendant's ability to proceed with its own invalidity and claim construction disclosures.

Although the patents at issue ('497, '752, '189, '439, and '287) involve numerous claims, what each patent has in common is that they all claim both 1) a sensor that is capable of detecting chemical, biological or radiological compounds, and 2) a locking mechanism.  Defendant argues that, because none of plaintiff's infringement contentions explain how these two critical elements are infringed by any of the accused devices, the infringement contentions are fatally deficient.  For the reasons set out below, we agree.

The thrust of the government's motion is that Mr. Golden's infringement contentions do not and cannot meet the specificity requirements of the court's Patent Rules.   First, defendant argues that there are no biological, chemical, or radiological sensors/detectors identified by plaintiff in the accused devices, despite the fact that plaintiff's asserted patents ('497, '752, '189, '439, and '287) specifically claim the inclusion of such sensors. Second, defendant urges that plaintiff's contentions fail because they do not identify how the accused devices lock or unlock a product in response to detection of a biological, chemical, or radiological substance.   Defendant argues that plaintiff's contentions are vague or conclusory and fail "to set forth any plausible theory for how any one of the twenty-eight accused products allegedly infringe any one of the twenty-five asserted claims." ECF No. 227 at 16, 19.  At best, in defendant's view, plaintiff "merely paraphrase the sensor/detector limitations of the asserted claims."  *Id.* at 13.

Mr. Golden responds that his infringement contentions are not vague or conclusory in a way that prevents them from giving notice to defendant and its third-party contractors and that "not all of the contentions paraphrase the claim language, and that, further, many of its contentions have their bases in 'third-party statements' and the most commonly used acronyms, abbreviations, and terms in the electronics and telecommunications industry." ECF No. 231 at 2.  He also argues, as discussed separately below, that the government has kept information from him that would allow him to be more specific in his contentions.  Lastly, also separately discussed below, he raises the doctrine of equivalents to justify his generalized contentions.

Our analysis is controlled by Rule 4 of the Patent Rules, which

6

requires that infringement contentions include:

> (a) the claim in each product, process, or method of each patent at issue that is allegedly infringed by each opposing party;
>
> (b) for each asserted claim, each product, process, or method that allegedly infringes the identified claim. This identification must include the name and model number, if known, of the accused product, process, or method;
>
> (c) a chart identifying where each element of each asserted claim is found within each accused product, process, or method, including the name and model number, if known;
>
> (d) whether each element of each identified claim is alleged to be literally present or present under the doctrine of equivalents in the accused product, process, or method; and
>
> (e) for each patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled and whether the patentee is relying on the filing date or an earlier conception date as the priority date.

PRCFC 4.

## I.  Plaintiff's Contentions Do Not Identify A Sensor

After reviewing Mr. Golden's voluminous infringement charts, we agree that they do not identify a component in the accused products which meets plaintiff's claims limitation of a biological, chemical, or radiological sensor.  For instance, plaintiff's chart concerning Apple products alleges that the iPhone 7 and iPhone 8 infringe claim 4 of plaintiff's '189 patent.[7]  Claim 4 of the '189 patent requires the following elements:

> A built-in, embedded multi sensor detection system for monitoring products with a plurality of sensors detecting at least two agents selected from the group consisting of

---

[7] Given the repetitive nature of the charts submitted, we have isolated representative samples.  The deficiencies highlighted herein are present for each accused device in each chart.

chemical, biological, radiological, explosive, human, and
contraband agents;

comprising a built-in sensor array or fixed detection device into
the product that detects agents by means of two or more sensors
combined from the following list of sensors: a chemical sensor,
a biological sensor, an explosive sensor, a human sensor, a
contraband sensor, and a radiological sensor;

U.S. Patent No. 9,096,189 col.17 l. 46.

Instead of identifying which elements in the iPhone 7 or 8 infringe
plaintiff's claims by sensing contaminants or contraband, Mr. Golden's
charts recite the following information from the DHS 'Cell All' initiative as
reading on the limitations of claim 4 of the '189 patent:

DHS; S&T '*Cell All*' initiative. 'Develop detection device to
detect deadly chemicals.' Stephen Dennis; PM: 'Sensors will
integrate with 261 million [new and improved cell phones]'.
Agreement with Apple Inc., to manufacture a new and
improved cell phone with the detection capability for at least
CBRNE-H that is placed in, on, upon, or adjacent the new and
improved cell phones.

ECF No. 226-2 at 12 (Plaintiff's Infringement Contentions, Ex. B, Claim 4
'189 compared to Apple's iPhone 7 and iPhone 8 Series).

For example, claim 1 of the '497 patent, discussed above, is
representative of plaintiff's other asserted patents which similarly require
that the accused devices employ sensors for detecting chemical, biological,
and radiological agents and compounds. The claim chart lists the limitations
of claim 1 of the '497 patent, which include:

A multi sensor detection and lock disabling system for
monitoring products and for detecting chemical, biological,
and radiological agents and compounds so that terrorist activity
can be prevented . . .

U.S. Patent No. 7,385,497 col.10 l. 60. Once again, the infringement chart
merely cites information from the DHS 'Cell All' initiative as if the

procurement initiative itself was a product reading on the limitations of claim 1 of the '497 patent:

> DHS; S&T '*Cell All*' initiative. 'Develop detection device to detect deadly chemicals.' Stephen Dennis; PM: 'Sensors will integrate with 261 million [new and improved cell phones]'. Agreement with Apple Inc., to manufacture a new and improved cell phone with the detection capability for at least CBRNE-H that is placed in, on, upon, or adjacent the new and improved cell phones.

ECF No. 226-2 at 4 (Plaintiff's Infringement Contentions, Ex. B, Claim 1of '497 compared to Apple's iPhone 7 and iPhone 8 Series). A procurement initiative is a not a product or a method. At most, it is an ambition. Critically, what it is not is the required identification of how the components or methods actually employed by Apple iPhone 7 or 8 teach the limitations of "detecting chemical, biological, and radiological agents and compounds."

Claim 10 of the '752 patent also requires "a plurality of interchangeable cell phone sensors for detecting the chemical, biological, and radiological agents" (ECF No. 226-2 at 8); claim 9 of the '189 patent requires "a multi-sensor detection system for detecting at least one explosive, nuclear, contraband, chemical … agents" (ECF No. 226-2 at 20); claim 14 of the '439 patent requires "at least one of a chemical sensor, a biological sensor, an explosive sensor, a human sensor, a contraband sensor, or a radiological sensor" (ECF No. 226-2 at 23); and claim 5 of the '287 patent requires "at least one sensor for chemical, biological, or human detection." ECF No. 226-2 at 41. Accordingly, each of plaintiff's asserted patents ('497, '752, '189, '439, '287) claim sensors, nevertheless, plaintiff's claim chart does not identify sensors in the accused products.

Plaintiff must identify "where each element of each asserted claim is found within each accused product." PRCFC 4. *Connectel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 528 (E.D. Tex. 2005) (explaining that preliminary infringement contentions "providing vague, conclusory language or simply mimicking the language of the claims when identifying infringement fail to comply" with that court's similar local patent rule). Merely paraphrasing or providing vague descriptions of plaintiff's claim limitations, when identifying features in the accused products, is insufficient.

Nor is it sufficient merely to claim that a device may be modified in a

way that makes it capable of operating in an infringing manner when the patent claims that specific elements or components "comprise" the invention. *Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1330 (Fed. Cir. 2001).   We have examined the extensive charts submitted and are satisfied that the charts utterly fail to identify any infringing structures, components, or functionality in the accused product models that could serve as sensors or detectors.

## II.  Plaintiff's Contentions Do Not Identify A Locking Feature

Each of the asserted patents ('497, '752, '189, '439, and '287) also require a locking mechanism that is not identified in the accused products.[8] For instance, claim 1 of plaintiff's '497 patent requires:

> *detection of specific chemical, biological, or radiological agents or compounds by the detectors* causes the lighting of the corresponding indicator light for visual confirmation of the detection and *initiates signal transmission from the cpu to the automatic/mechanical lock disabler to lock or disable the lock of the product* thereby preventing further contamination about the product and denying access to the product by unauthorized, untrained and unequipped individuals.

U.S. Patent No. 7,385,497 col. 11 l. 18 (emphasis added).

With respect to the locking feature in the allegedly infringing product, plaintiff's chart recites the following:

> The Samsung SmartThings contains: oneSmart Things Hub, two SmartThings Multipurpose Sensors, one SmartThings Motion Sensor, and one SmartThings Outlet.   Connects to appliances, lights, locks, cameras, thermostats, sensors.   Get alerts on smartphone if motion in the home.  BMW Digital Key to lock/unlock; and start it up with Samsung phones only.  Cell-All: The device detects and identify chemicals in the air using

---

[8] The following are representative examples, from the asserted patents, which require the limitation of a locking mechanism: 1) an "automatic/mechanical lock disabler" ('752 patent); 2) a "lock disabling mechanism" ('189 patent); 3) "lock disabling mechanism" ('439 patent); and 4) "a locking device" ('287 patent)).  ECF No. 226-2 at 9, 10, 17, 24, 25, 42.

a 'sample jet' sends detection data to another phone.

ECF. No. 226-3 at 9. Nothing in this narrative identifies a locking feature or explains how it operates in a way that infringes. We agree with defendant that that this is too generalized to satisfy the requirements of an infringement claim. Plaintiff must identify how the accused product incorporates a locking mechanism or meets the unlocking limitations of claim 1 of plaintiff's '497 patent in response to the detection of a hazardous substance. Generally referencing consumer software applications for controlling smart home devices or locking and unlocking car doors does not meet the requirement of identifying which features of the accused products allegedly infringe plaintiff's claim limitations, as required by PRCFC 4. Plaintiff's assertion that his contentions are not vague or conclusory does not address the problem: the claim limitations fail to identify in the accused devices the limitations of a: 1) sensor; and 2) a locking mechanism.

Mr. Golden contends that it would be premature to penalize him for deficiencies in his claim chart because DHS has not responded adequately to his FOIA requests and further that his infringement contentions were submitted without the benefit of having examined the accused products. He also makes reference to several Freedom of Information Act ("FOIA") requests made to the Department of Homeland Security, seeking information on the Cell-All initiative. He asserts that DHS failed to provide the information requested.

The government points out the disconnect in Mr. Golden's reasoning. Plaintiff's 2015 FOIA requests were related to DHS' 2011 Cell-All initiative, not the products plaintiff now accuses of infringement.[9] None of the smartphone and smartwatch models that plaintiff now accuses of infringement had been released at the time plaintiff submitted his FOIA requests. The oldest product listed in plaintiff's contentions is the iPhone 7, which was released in 2016.[10] In any event, we cannot enforce FOIA

---

[9] Exhibit B to his cross-motion refers to 351 FOIA requests made in 2015 (ECF No. 231-2); but none were directed to the Cell-All program.

[10] ECF 226-2 at 163 (Plaintiff's Apple Inc. electronics claim chart, showing Apple iPhone 7 release date of September 2016).

requests.  That is a matter for the district courts. [11]  Nor has plaintiff filed any motions to compel in this case.

Finally, plaintiff's invocation of the doctrine of equivalents does not salvage his claims charts,[12] which do not specify how each element of each identified claim is alleged to be literally present or present under the doctrine of equivalents, much less how the asserted claims are performed in substantially the same function in substantially the same way to obtain substantially the same results.  Thus, as it concerns the sufficiency of plaintiff's infringement contentions, alleging infringement under the doctrine of equivalents, plaintiff fails to meet the requirements of PRCFC 4(d).

## CONCLUSION

Defendant's motion to strike is granted.  Plaintiff's cross motion for summary judgment and his request to strike the government's motion to strike are denied.  While defendant asks us to dismiss for failing to comply with court orders, we will permit plaintiff to resubmit his infringement contentions in their entirety on or before August 27, 2021.  If plaintiff fails to file a claims chart which complies with Rule 4, the court will assume that it cannot be done and that the complaint should be dismissed.  Defendant is directed to file its response to plaintiff's corrected infringement contentions within two weeks of the filing of plaintiff's new claims charts.

---

[11] *See Am. Oversight v. United States Env't Prot. Agency*, 386 F. Supp. 3d 1, 6 (D.D.C. 2019) (The Act confers jurisdiction on district courts "to enjoin [an] agency from withholding agency records and to order the production of any agency records improperly withheld." 5 U.S.C. § 552(a)(4)(B).)

[12] The Introduction to the claim charts states that:

> Plaintiff believes that at least the Department of Homeland Security (DHS) and at least third-party contractors . . . has *directly*, *indirectly, jointly, or under the 'doctrine of equivalents'* infringed Plaintiff's communicating, monitoring, detecting, and controlling (CMDC) device(s), and/or the 'new and improved' cell phone, smartphone, watch, laptop, tablet . . . .

ECF No. 226-1 at 3 (emphasis added).

s/Eric G. Bruggink
ERIC G. BRUGGINK
Senior Judge